Michael Henry Reese, P.C.
The Colony Building
211 West 19th Street, Suite 400
Cheyenne, WY  82001
(307)634-7648- Office
(307)630-5013 - Cell
(307)432-7522 FAX
mike@mhrwylaw.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case Number 07-CR-193-D |
| | ) | |
| v. | ) | |
| | ) | |
| TRAVIS J. McGILL, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MOTION IN LIMINE

COMES NOW, Defendant TRAVIS J. McGILL by and through counsel., respectfully moves this Court to prohibit, prevent or otherwise not admit certain expected testimony to be offered by the United States:

1.      Objection to Rule 413 offered evidence

a.      According the Government's Notice of Intention to offer Rule 413 evidence it appears that the government wishes to offer evidence of two individuals concerning prior acts of defendant:

i)      "When the government seeks to introduce Rule 413 or 414 evidence the district court has an obligation 'to fully evaluate the proffered …evidence and make a clear finding of the reasoning behind its findings' as to whether the evidence survives the Rule 403 balancing test." *United States v. Benally*, 500 F.3d 1085 (10th cir. 2007).  To that end defendant requests  an evidentiary hearing as

preliminary matter "to determine…whether  a jury could find by preponderance of the evidence that"  defendant raped other young girls.

2.  <u>Objection to expert testimony</u>:

a.  The Government has filed notice of intent to offer expert testimony for James T. Clemente and Jacqueline L. Nelson.

b.  Consequently defendant respectfully requests a *Daubert* Hearing with respect to the admissibility of such testimony, or, in the alternative, prohibit the offering of such testimony.

c.  Under Fed. R. Evid. 702 the Supreme Court has required district courts to perform a gatekeeping role to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert v. Merrell Dow Pharms.*, Inc. 509 U.S. 579 (1993).

d.  The court must by specific findings or discussion demonstrate that such testimony by experts is reliable and relevant.  A two-part inquiry is required.

e.  The government should disclose a written summary report of testimony the government will introduce or use under Rules 702, 703 or 705 of the Federal Rules of Evidence during its case in chief.   The Defendant specifically requests any reports, notes, witness opinions, the bases and reasons for those opinions and the expert witness qualifications.   This request for expert witnesses applies to law enforcement agents as well. See *United States v. Cruz*,  363 F.3d 187 (2d Cir. 2004)(DEA agent testifies at drug trial to meaning of "watching somebody's back" as used by defendant.  Jury convicts.  Admissibility reversed.)

f.  Courts must be especially vigilant in their gatekeeping and objection is also made for lack of relevance (Rule 401) and prejudice (Rule 403). Testimony by either party is not relevant and highly prejudicial.

For all the above reasons, either individually or in combination, it is requested that the court conduct as a preliminary matter before trial an evidentiary hearing of these objections.

Respectfully submitted this 17th day of March 2008.

BY DEFENDANT:  TRAVIS MCGILL


By:/s/MichaelReese_____

Michael Reese